1

2

3

4

5

6                                                                *E-FILED - 6/12/08*

7

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

TEKLEZGI GEBREZGIABHER,           )        No. C 06-7864 RMW (PR)
11                                        )
                     Petitioner,          )        ORDER GRANTING
12                                        )        EXTENSION OF TIME;
      vs.                                 )        DENYING APPOINTMENT OF
13                                        )        COUNSEL; DENYING
                                          )        EVIDENTIARY HEARING
14   MIKE C. KREMER,                      )
                                          )
15                   Respondent.          )        (Docket Nos. 11, 13, 43)
     _____ )
16

17        Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254 and two motions to proceed in forma pauperis.

19   Good cause appearing, his request for an extension of time, to and including **July 14,**

20   **2008**, in which to file a traverse (docket no. 43) is GRANTED.

21        Petitioner has also filed a motion for appointment of counsel and a motion for an

22   evidentiary hearing. However, the Sixth Amendment's right to counsel does not apply in

23   habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  While

24   18 U. S. C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a

25   habeas petitioner if "the court determines that the interests of justice so require," the

26   courts have made appointment of counsel the exception rather than the rule.  Appointment

27   is mandatory only when the circumstances of a particular case indicate that appointed

28   counsel is necessary to prevent due process violations. See Chaney v. Lewis, 801 F.2d

Order Granting Extension of Time
P:\pro-se\sj.rmw\hc.06\Gebrezgiabher864misc          1

1  1191, 1196 (9th Cir. 1986); <u>Eskridge v. Rhay</u>, 345 F.2d 778, 782 (9th Cir. 1965).

2       At present, both petitioner and respondent have briefed the issues in the case, and

3  respondent has submitted the state court record, including petitioner's state appellate

4  court briefs that were prepared by counsel.  After petitioner files his traverse in this

5  matter, the court will review the merits of the petition, and if the court determines at that

6  time that an evidentiary hearing is required, the court will appoint counsel.  At present,

7  however, there appears to be no need for an evidentiary hearing or appointment of

8  counsel.   Petitioner's motions for appointment of counsel (docket no. 11) and for an

9  evidentiary hearing (docket no. 13) are DENIED without prejudice.

10       IT IS SO ORDERED.

11  DATED: __6/6/08_____

*Ronald M. Whyte*

12  RONALD M. WHYTE
United States District Judge

Order Granting Extension of Time
P:\pro-se\sj.rmw\hc.06\Gebrezgiabher864misc     2